2003 VT 42

**MILTON EDUCATION AND SUPPORT ASSOCIATION v. MILTON BOARD OF SCHOOL TRUSTEES**

[824 A.2d 605]

No. 01-018

¶ 1. April 30, 2003. The Milton Board of School Trustees (the school board) appeals a decision of the Vermont Labor Relations Board (the VLRB) holding that the school board committed an unfair labor practice when it contracted out custodial services formerly performed by employees without first bargaining with the Milton Education and Support Association (the association), the representative of the employees. The school board argues that the VLRB erred in not deferring to a determination of the arbitrator, acting pursuant to a collective bargaining agreement between the school board and the association, that the school board had the inherent management right to contract out the custodial work. We affirm.

¶ 2. This is the second time that this case has been before us. In *Milton Education & Support Ass'n v. Milton Board of School Trustees*, 171 Vt. 64, 70-74, 759 A.2d 479, 483-86 (2000), we ruled that the association's unfair labor practice complaint to the VLRB, claiming that the school board failed to bargain before

deciding to contract out its custodial work, should not have been decided until the VLRB awaited the result of the arbitration process provided for in the parties' collective bargaining contract. Consistent with that decision, the matter was submitted to arbitration.*

¶ 3. In his decision, the arbitrator found that the labor contract between the parties contained a management rights section, but that the section did not address the "particular issue of subcontracting of bargaining unit work." The arbitrator further amplified that the contract "neither explicitly provides for nor prohibits the subcontracting of bargaining unit work." He noted that the issue of whether the school board "had a statutory obligation to bargain over the underlying decision to subcontract" was not before him. He decided, however, that an employer could contract out bargaining unit work, on the following rationale:

> Arbitrators have generally held that subcontracting is an inherent managerial right which flows out of an employer's power to dictate the means and manner of operations, including the promotion of efficiencies. Where there is no express limitation on that right — by job category, impact, duration, or other criteria — an employer is free to subcontract so long as it does so in good faith, for reasonable, legitimate business objectives. Subcontracting cannot be utilized to simply circumvent express negotiated provisions, like the wage scale, nor may it

> be employed to undermine the bargaining unit. Arbitrators have looked [to] a number of factors and applied a balancing test, weighing the operational justifications with the potentially adverse impact on the bargaining unit as a whole.

Finding that the motivation for the contracting out of the custodial services was "the provision of high quality services at a lower overall cost," the arbitrator held that the school board did not violate the collective bargaining agreement in contracting out the custodial services.

¶ 4. On remand from our first decision, the VLRB held that the arbitrator's decision could resolve the unfair labor practice proceeding only if the arbitrator clearly decided the unfair labor practice issue. The VLRB concluded that the arbitrator did not because he grounded his decision on inherent management rights rather than the provisions of the collective bargaining agreement, and did not address whether the school board was required to bargain before contracting out the custodial work. The VLRB went on to conduct its own independent analysis of the management rights provision of the collective bargaining agreement and concluded that the agreement did not contain a conscious and explicit waiver of the right to bargain over subcontracting of bargaining unit work. The VLRB concluded that "[m]ore specific language than the general statement of powers present here is needed for us to conclude that a union waived its right to bargain over such a crucial matter as subcontracting."

¶ 5. The VLRB also ruled that if it were required to defer to the arbitrator's decision the result would be "repugnant to the purposes and policies of the Municipal Employee Relations Act" because the Act does not make subcontracting an inherent managerial right. Specifically, the VLRB held that the school board was

---

* The arbitration decision was actually reached before our decision, based on a grievance filed by the association. The VLRB did not have the benefit of the decision when it initially ruled for the association.

required to bargain with respect to wages, hours and conditions of employment under 21 V.S.A. § 1725(a). It concluded that contracting out fit within the definition of "wages, hours and other conditions of employment" as contained in 21 V.S.A. § 1722(17) and was not a "managerial prerogative" as defined in 21 V.S.A. § 1722(11).

¶ 6. On appeal, the school board argues that the arbitrator found in the collective bargaining agreement an implied right to contract out work, and that the VLRB could not decide that the school board committed an unfair labor practice in light of the arbitrator's finding. The school board also argues that the VLRB erred in concluding that the arbitrator's decision was repugnant to the purposes and policies of the Municipal Employee Relations Act. We affirm the VLRB's holding that the arbitrator's decision did not prevent it from finding an unfair labor practice, and do not reach the second ground for its decision.

¶ 7. As we noted in our first decision, our review of VLRB decisions is limited, and we give substantial deference to the VLRB and presume its actions are correct and reasonable. *Milton Educ. & Support Ass'n*, 171 Vt. at 69, 759 A.2d at 483. We also emphasize that the issue in this case is not whether contracting out is a mandatory subject for collective bargaining. The school board has agreed that on the facts of this case it is such a subject. See *id.* at 70, 759 A.2d at 484.

¶ 8. We require the VLRB to defer to the arbitrator in any case in which the arbitrator can find that the contract authorizes the conduct that is subject to the unfair labor practice. See *id.*; *AFSCME Local 1201 v. Town of Castleton*, 25 V.L.R.B. 140, 141-42 (2002). The arbitrator's interpretation of the agreement "may involve interpolating from a written text solutions not expressly spelled out in the text," *Burlington Area Pub. Employees Union v. Champlain Water Dist.*, 156 Vt. 516, 520, 594 A.2d 421, 423 (1991), and "blending textual interpretations and the 'contracts implied in fact' in the form of established past practices." *Id.* at 521, 594 A.2d at 424.

¶ 9. Although we require deferral, where appropriate we have given the VLRB discretion to fashion a deferral policy. See *id.* at 523-24, 594 A.2d at 425. In this case, and in the earlier decision in *BED IBEW, Local 300 v. Burlington Elec. Dep't*, 23 V.L.R.B. 245, 249 (2000), the VLRB has decided that it will defer to an arbitrator's decision as also resolving the unfair labor practice charge if, among other requirements, the "arbitrator has clearly decided the unfair labor practice issue." *Id.* We believe that this requirement is consistent with our decisions and within the VLRB's discretion.

¶ 10. The VLRB held in this case that the arbitrator did not *clearly* decide the unfair labor practice issue because he did not rely upon the collective bargaining agreement in reaching his decision, but, in the absence of guidance from the language of the agreement, instead decided the grievance based upon an "inherent management right." The school board challenges this conclusion as based on an unworkable distinction between authorization for the employer's actions in a contractual provision and the absence of a prohibition in the contract. In the school board's view, either should be sufficient to allow the arbitrator to conclude that the employer's action is authorized by the contract, and the arbitrator found an authorization here, based upon lack of a prohibition.

¶ 11. We agree with the VLRB that it does not have to defer to the arbitrator's decision unless it is grounded somehow in the contract language or in established past practices. Otherwise, the VLRB cannot conclude that the arbitrator *clearly* decided the unfair labor practice issue. Thus, we find the VLRB's conclusion reasonable and affirm it. Because the VLRB did not have to defer to the decision of the arbitrator, it could rule

that the school board had to bargain with the association before contracting out the maintenance work.

*Affirmed.*

Note. Justice Morse sat at oral argument but did not participate in this decision.